UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY JOHN NEUBECKER, JR.,

    Plaintiff,

v.                                                 Case No. 21-cv-1355-bhl

RANDALL R. HEPP, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Ricky John Neubecker, Jr., is a prisoner confined at the Waupun Correctional Institution who is representing himself in this 42 U.S.C. §1983 case. On November 24, 2021, the Court ordered Neubecker to pay an initial partial filing fee of $0.69 within thirty days or advise the Court in writing why he was unable to do so. Dkt. No. 5. The deadline passed without Neubecker paying the fee or alerting the Court to any challenges he may have faced in arranging payment of the fee, so on January 11, 2022, the Court denied his motion to proceed *in forma pauperis* and dismissed this action based on his failure to pay the filing fee. Dkt. No. 7.

More than nine months later, on October 31, 2022, Neubecker filed a motion to reopen his case. He explains that, since September 2022, the filing fee has been paid nearly in full. Accordingly, he asks the Court to reopen his case. Dkt. No. 9.

Fed. R. Civ. P. 60(b) allows a court to relieve a party of final judgment for various reasons, including if a party can demonstrate "mistake, inadvertence, surprise, or excusable neglect." Neubecker is not entitled to relief under Rule 60(b) because his failure to pay the initial partial filing fee was not a mistake or excusable neglect. *See, e.g., Prizevoits v. Indiana Bell Telephone*

*Co.*, 76 F.3d 132, 133-34 (7th Cir. 1996) (holding that a party cannot establish excusable neglect when a "rule is crystal clear, the error egregious, [and] the excuses so thin as to leave the lapse not only unexcused but inexplicable").  Neubecker offers no explanation why he ignored the Court's order instructing him to pay the fee or provide an explanation as to why he could not pay the fee.  While the Court acknowledges that pro se litigants should be granted some latitude in their dealings with the Court, "being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders."  *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).  Because Neubecker fails to provide a reason why he is entitled to relief from judgment, the Court will deny his motion.

As noted in the judgment, Neubecker's case was dismissed without prejudice, so he may refile his complaint.  If he does so, he will have to pay a new filing fee.

**IT IS THEREFORE ORDERED** that Neubecker's motion to reopen his case (Dkt. No. 9) is deemed a motion for relief from judgment under Fed. R. Civ. P. 60(b) and is **DENIED**.

Dated at Milwaukee, Wisconsin on November 10, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
